UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOLEIGH BURNES, et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>THE PARKS AT MONTEREY BAY, et al.,<br><br>      Defendants. | Case No.   23-cv-05474-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Re: ECF No. 9 |

Plaintiff Joleigh Burnes and her two daughters, plaintiffs Riana Martinez, and Olivia Martinez (together, "Plaintiffs"), filed this action against Defendants The Parks at Monterey Bay ("The Parks"), Michaels Management Services, LLC ("Michaels Management"), and Monterey Bay Military Housing, LLC ("MBMH" and, with The Parks and Michaels Management, "Defendants") on September 27, 2023 in the Superior Court of California, County of Monterey. *See* Not. of Removal ("Not.") ¶ 1, ECF No. 1. On October 24, 2023, Michaels Management and MBMH removed the action to federal court pursuant to 28 U.S.C. § 1441. *See id.[1]* Now pending before the Court is Plaintiffs' motion to remand the action (the "Motion"), which Plaintiffs timely filed on November 9, 2023. *See* Mot., ECF No. 9; 28 U.SC. § 1447(c). The Court finds the

---

[1] The general requirement that all defendants must join in a petition for removal, *see* 28 U.S.C. § 1446(b)(2)(A), does not apply to a defendant who has not been served, *see, e.g.*, *Losurdo v. JPMorgan Chase Bank, N.A.*, No. LA CV16-01409, 2016 WL 8730559, at *5 (C.D. Cal. May 6, 2016) (citing *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984)). As alleged in the Notice of Removal and supported by the docket, there has been no service on The Parks, which is not itself a separate entity but rather a fictitious name under which Michaels Management does business. *See* Not. ¶¶ 9–11. The validity of the Notice of Removal is therefore not affected by the lack of joinder or consent by the Parks.

Case No.: 23-cv-05474-EJD
ORDER GRANTING MOTION TO REMAND
1

1    Motion suitable for determination without oral argument, *see* Civ. L.R. 7-1(b), and, having

2    considered the parties' submissions and the relevant law, hereby GRANTS the Motion.

### I.   BACKGROUND

This action arises out of a dispute related to Plaintiffs' lease of residential property from Defendants. As alleged in the Complaint, Plaintiffs signed a rental agreement with The Parks for the premises at 401 Nijmegan Road, Unit No. ML-NIJ0401, Seaside, California 93955 (the "Property") and resided there from February 2022 to February 2023. *See* Compl. 4–5, ECF No. 1.[2] Plaintiffs allege that the Property was owned, maintained, managed, and operated by all three Defendants. *See id.* at 4. Plaintiffs further allege that the Property was defective due to gas leaks, inadequate plumbing, and clogged drains, which Defendants did not repair despite Plaintiffs' repeated requests beginning in April 2022. *See id.* at 4–6. Consequently, Plaintiffs allege, they experienced airborne exposure to noxious gas, molds, and bacteria, which in turn caused Plaintiffs to undergo emotional and psychological distress, psychological trauma, respiratory issues, asthma, headaches, brain damage, *e. coli* poisoning, and property damages. *See id.* Plaintiffs further allege that Defendants responded to Plaintiffs' demand for remediation of the Property's defects by serving on Plaintiffs a Three Day Notice to Pay Rent or Quit, and that Defendants' conduct was either malicious and willful, intentional and unreasonable, or unintentional, negligent, and reckless, and evinced a conscious disregard for Plaintiffs' rights. *See id*.

On September 27, 2023, Plaintiffs filed suit in the Superior Court of California, County of Monterey. *See* Compl. The Complaint asserts four causes of action based on the above allegations: (1) premises liability; (2) wrongful eviction; (3) breach of the implied warranty of habitability; and (4) breach of the implied covenant of quiet enjoyment. *Id.* at 4–6. Plaintiffs effected service of process on Michaels Management and MBMH on or about September 29, 2023, via service on the registered agent of each entity. *See* Not. ¶¶ 2–3; *see id.* at Exhs. A–B.

On October 24, 2024, Michaels Management and MBMH removed this action to federal

---

[2] The Complaint is located at pages 15 through 21 of the Notice of Removal. *See* Not. 15–21.

Case No.: 23-cv-05474-EJD
ORDER GRANTING MOTION TO REMAND
2

1    court on the grounds that this Court has original subject matter jurisdiction over the entire action

2    pursuant to 28 U.S.C. § 1331 under the doctrine of federal enclave jurisdiction. *See id.* at 2.

3    Michaels Management and MBMH allege that the Property is privatized military housing owned

4    by MBMH and "entirely located on land owned by the U.S. Army and leased" to MBMH. *See id.*

5    ¶ 17. Michaels Management and MBMH further allege that the Court has supplemental

6    jurisdiction pursuant to 28 U.S.C. § 1367(a) over any claims over which it does not have original

7    subject matter jurisdiction. *See id.* at 2.

8    Plaintiffs filed the instant Motion on November 9, 2023. *See* Mot. Michaels Management

9    and MBMH filed an opposition, *see* Opp'n, ECF No. 14, and Plaintiffs filed a reply, *see* Reply,

10   ECF No. 15.

11   **II.   LEGAL STANDARDS**

12       **A.   Removal**

13   A defendant may remove from state court to federal court "any civil action . . . of which

14   the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *see also,*

15   *e.g.*, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). Federal courts

16   have original federal question jurisdiction over civil actions "arising under the Constitution, laws,

17   or treaties of the United States." 28 U.S.C. § 1331. Further, federal courts have supplemental

18   jurisdiction over all claims that are "so related to claims . . . within such original jurisdiction that

19   they form part of the same case or controversy." 28 U.S.C. § 1367.

20       **B.   Original Jurisdiction – Federal Enclave Doctrine**

21   "The Constitution establishes the principle that federal law applies in federal enclaves."

22   *County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 749 (9th Cir. 2022) (citing U.S. Const. art. I,

23   § 8, cl. 17 ("Congress shall have Power . . . [t]o exercise exclusive Legislation . . . [and] like

24   Authority over all Places purchased by the Consent of the Legislature of the State in which the

25   Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful

26   Buildings.")). Courts have interpreted this principle to mean that "unless an exception applies, any

27   conduct on a federal enclave is governed by federal law." *Id.* Thus, "a claim based on injuries

28   Case No.: 23-cv-05474-EJD
     ORDER GRANTING MOTION TO REMAND
     3

United States District Court
Northern District of California

stemming from such conduct arises under federal law, and a [federal] court has jurisdiction over such a claim under § 1331." *Id.*

This principle, known as the federal enclave doctrine, is premised upon the reasoning that Congress "has excluded all exercise of state jurisdiction, [so that] the only laws that can apply are federal, and federal law will be deemed to incorporate existing state law in order to ensure 'that no area however small will be left without a developed legal system for private rights.'" *Lake v. Ohana Mil. Comtys., LLC*, 14 F.4th 993, 1002–03 (9th Cir. 2021) (quoting *James Stewart & Co. v. Sadrakula*, 309 U.S. 94, 100 (1940)). Accordingly, if the federal government permits concurrent state legislative jurisdiction over a location, the rationale behind the federal enclave doctrine "has no application," and the "state law governing . . . state claims is still [state] law—not federal law." *Id.* at 1003.

### C. Remand

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas*, 553 F.3d at 1244 (citing 28 U.S.C. § 1447(c)). Removal statutes are "strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. "However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citations omitted).

The Ninth Circuit has explained that a plaintiff's motion to remand is "the functional equivalent of a defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). As such, a motion to remand may be based on either a facial attack or a factual attack on the defendant's jurisdictional allegations. *See id.* A factual attack usually introduces evidence outside the pleadings, and the party asserting federal jurisdiction must then "support her jurisdictional allegations with 'competent proof,' . . . under the same evidentiary standard that governs in the summary judgment

Case No.: 23-cv-05474-EJD
ORDER GRANTING MOTION TO REMAND
4

context," and must establish federal jurisdiction by a preponderance of the evidence. *Id.* at 1121 (citations omitted). "[I]f the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Id.* (citations omitted).

### III.   REQUEST FOR JUDICIAL NOTICE

Plaintiffs request that the Court take judicial notice of three documents submitted in support of the Motion: (1) a Resolution of Retrocession of Legislative Jurisdiction filed with the Monterey County Recorder's Office on December 5, 2000, *see* Req. Judicial Not. ("RJN"), at Exh. 1, ECF No. 9-1; (2) a Resolution of Cession of Concurrent Criminal Legislative Jurisdiction filed with the Monterey County Recorder's Officer on April 20, 2011, *see* RJN, at Exh. 2; and (3) a Resolution of Cession of Concurrent Criminal Legislative Jurisdiction filed with the Monterey County Recorder's Office on November 17, 2017, *see* RJN, at Exh. 3. Michaels Management and MBMH do not oppose the request, and in fact repeatedly cite to one of the documents. *See* Opp'n 5 & n.2.

As noted above, *see supra*, at Part II(C), the Court evaluates evidence submitted in connection with a jurisdictional challenge using a summary judgment standard. The documents submitted by Plaintiffs are public government documents, and are properly before the Court. *See* Decl. of Mark S. Martinez ¶¶ 4–7, ECF No. 9-2; *see also, e.g.*, *Leite*, 749 F.3d at 1122.

### IV.   DISCUSSION

Plaintiffs argue that this action must be remanded because the only asserted basis for original subject matter jurisdiction—*i.e.*, federal jurisdiction pursuant to the federal enclave doctrine—fails because there exists concurrent state jurisdiction over the location at issue. *See* Mot. 10–14. Plaintiffs further request attorney fees and costs incurred as a result of the removal. *See id.* at 14–15. Michaels Management and MBMH counter that the Court should deny the Motion because the Notice of Removal provides prima facie evidence that the property is located within a federal enclave, and Plaintiffs' Motion does not establish the existence of concurrent jurisdiction. *See* Opp'n 3–6. The Court first turns to the merits of the Motion before addressing Plaintiffs' request for attorney fees and costs.

Case No.: 23-cv-05474-EJD
ORDER GRANTING MOTION TO REMAND

### A. Existence of Federal Jurisdiction

Michaels Management and MBMH removed this action on the sole ground that this Court has original jurisdiction over the action pursuant to the federal enclave doctrine, due to the location of the Property on land owned by the federal government and over which the federal government has exclusive jurisdiction. *See generally* Not.; *see also* Mot. 10. In their Motion, Plaintiffs assert that the federal government does not have exclusive jurisdiction over the location of Property, but rather that the federal government and the state of California exercise concurrent jurisdiction over the Property. *See* Mot. 11–14.

The evidence before the Court indicates that: (1) the Property is located at 401 Nijmegan Road, Unit No. ML-NIJ0401, Seaside, California 93955, *see* Compl. 4–6; (2) the Property is located at the Fort Ord United States Military Installation at the U.S. Army Garrison Presidio of Monterey, and thus located on land owned by the federal government, *see* Not. 2; *id.* ¶¶ 4, 16–17; *see also* Reply, at Exhs. 1–2; and (3) on November 29, 2000, the California State Lands Commission "accepted a retrocession of exclusive legislative jurisdiction from the United States and established concurrent legislative jurisdiction over Fort Ord Military Reservation, the Presidio of Monterey and Monterey United States Organization, all in Monterey County," RJN, at Exh. 1, at 1. Based on these facts, Plaintiffs argue that the Court should follow the Ninth Circuit's ruling in *Lake v. Ohana Military Communities, LLC*, 14 F.4th 993 (9th Cir. 2021), and find that the federal enclave doctrine does not apply to or provide for federal jurisdiction over areas subject to concurrent state and federal jurisdiction. *See* Mot. 13.

The Court agrees that *Lake* is controlling. There, the Ninth Circuit reversed the district court's denial of a motion to remand an action in which the plaintiffs brought state law claims related to military housing on a military base. *See Lake*, 14 F.4th at 998. The circuit court rejected the district court's finding that federal question jurisdiction exists pursuant to the federal enclave doctrine even where the state has full concurrent jurisdiction. *See Lake*, 14 F.4th at 1003–04. The court instructed that where a state exercises "broad concurrent legislative jurisdiction" over land owned by the federal government, the federal enclave doctrine does not apply. *See id.* at

Case No.: 23-cv-05474-EJD
ORDER GRANTING MOTION TO REMAND
6

1003 ("We have only found federal question jurisdiction in enclaves in which Congress has not permitted concurrent jurisdiction, and we have not extended that rule to federal land that is subject to broad state concurrent jurisdiction."). Here, as in *Lake*, the evidence before the Court indicates that the state government exercises "broad concurrent legislative jurisdiction" over the Property at issue. *See* RJN, at Exh. 1. Accordingly, the federal enclave doctrine does not alone permit a finding of original federal question jurisdiction over this action, in which only state law claims are asserted. *See Lake*, 14 F.4th at 1003.

Michaels Management and MBMH argue that the Notice of Removal provides prima facie evidence that the property is located within a federal enclave, and that Plaintiffs do not sufficiently establish that the Property is located within the bounds of the land retroceded by the United States to California for the exercise of concurrent jurisdiction. *See* Opp'n 3–6. Neither argument can prevail. First, the allegations in the Notice of Removal are insufficient to counter the evidence produced by Plaintiffs in their factual jurisdictional challenge. *See Leite*, 749 F.3d at 1122 (noting that following a factual challenge to jurisdiction, the party asserting federal jurisdiction must "support her jurisdictional allegations with 'competent proof,' . . . under the same evidentiary standard that governs in the summary judgment context"). Second, Plaintiffs have provided sufficient evidence to establish that the Property is located within the bounds of the land subject to concurrent jurisdiction. *Compare* Not. 2 ("Plaintiffs' alleged injuries occurred entirely on the grounds of the U.S. Army Garrison Presidio of Monterey"); *id.* ¶ 4 ("Plaintiffs lived . . . at the Fort Ord United States Military Installation."); *with* RJN, at Exh. 1, at 1 (establishing concurrent legislative jurisdiction over "Fort Ord Military Reservation [and] the Presidio of Monterey"). Following Plaintiffs' submission, it is Michaels Management and MBMH's burden to provide "competent proof" by which the Court can determine by a preponderance of the evidence that there exists federal jurisdiction. *See Leite*, 749 F.3d at 1122. As Michaels Management and MBMH have provided no competent proof at all, the Court can make no such determination. Accordingly, the Court GRANTS Plaintiffs' Motion.

### B. Request for Attorney Fees and Costs

Plaintiffs request attorney fees and costs incurred as a result of the removal to this Court. *See* Mot. 14–15. A district court remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has instructed that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). In evaluating a request for attorney fees based on removal, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

For the Court to find that the removal of this action was objectively unreasonable, it would have to find that Michaels Management and MBMH had a clear obligation to review the records of the Monterey County Recorder's Office with respect to the property at issue and locate the retrocession agreement. The Court does not so find, and accordingly DENIES Plaintiffs' request for attorney fees and costs.

### V. ORDER

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Plaintiffs' motion for remand is GRANTED.

2. Plaintiffs' request for attorney fees and costs is DENIED.

3. Pursuant to 28 U.S.C. § 1447(c), the Clerk of Court shall mail a certified copy of this order of remand to the clerk of the Superior Court of California, County of Monterey.

**IT IS SO ORDERED.**

Dated: January 29, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 23-cv-05474-EJD
ORDER GRANTING MOTION TO REMAND
8